Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5557 | DATE | 5/15/2001 |
| CASE TITLE | Thomas Rowan, et al. vs. Chicago Housing Authority | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [21-1] is granted. Judgment is entered in favor of the defendant Chicago Housing Authority and against plaintiffs Thomas Rowan and Thomas Rizzi. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAY 16 2001 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 29 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 01 MAY 15 PM 3:27 | | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS ROWAN, THOMAS RIZZI, individually and on behalf of a class of persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO HOUSING AUTHORITY, <br><br> Defendant. | No. 00 C 5557 <br><br> Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Class action Plaintiffs Thomas Rowan and Thomas Rizzi, police officers formerly employed by Defendant Chicago Housing Authority ("CHA"), sued the CHA to recover damages they suffered when the CHA terminated their employment as part of a reduction in force in September 1998. Plaintiffs allege that the CHA violated the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101, by terminating their employment without adequate notice. Defendant CHA seeks summary judgment on the grounds that it is not an "employer" subject to the notice requirements of the WARN Act, and even if the WARN Act applies to the CHA, its reduction in force is not a "mass layoff" or "plant closing" sufficient to trigger the WARN Act's notice requirements. Because we agree that the CHA's reduction in force in this case is not actionable under the WARN Act, we decline to address whether the WARN Act would apply to the CHA in other circumstances. For the reasons stated below, Defendant's motion for summary judgment is granted.

## RELEVANT FACTS

Rowan and Rizzi were police officers employed by the CHA to provide police and security services to public housing residents. The CHA terminated Plaintiffs' employment on September 11, 1998, as part of a planned reduction in force which eliminated 69 out of 394 police officer positions. Plaintiffs received written notice of their layoffs from the CHA on August 28, 1998. In addition, Plaintiffs' union representatives, the Fraternal Order of Police ("FOP"), received definitive notice of the layoffs from the CHA on August 24, 1998, after having received earlier notice from the CHA on July 24, 1998, that the CHA intended to implement a reduction in force.

The CHA ordered the reduction in force to comply with a Corrective Action Order ("CAO") issued by the Department of Housing and Urban Development ("HUD") in 1996, which required the CHA to reduce its spending of federal capital grant funds on police and security activities. Also, as a result of the CAO, the CHA executed an agreement with the Chicago Police Department coordinating certain police and security services between the two forces. Prior to the layoffs in September 1998, the CHA employed 394 sworn police officers. All officers, including Plaintiffs and the 67 other officers laid off on September 11, 1998, generally were assigned to one of five CHA police stations near Chicago public housing sites. None of the CHA's police stations was shut down in connection with this reduction in force.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue for trial exists only when "evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *Crim v. Bd. of Educ. of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 540 (7th Cir. 1998). However, if the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249-50. Moreover, in considering a motion for summary judgment, we need not assume the truth of a nonmovant's conclusory allegations on faith or scour the record to unearth material factual disputes. *Carter v. Am. Oil Co.*, 139 F.3d 1158 (7th Cir. 1998) (citation omitted). Ultimately, this Court must decide "whether the state of the evidence is such that, if the case were tried tomorrow, the plaintiff would have a fair chance of obtaining a verdict." *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1573 (7th Cir. 1989).

**II. WARN Act**

The WARN Act requires employers to provide sixty day's advance notice to employees and local communities in the event of plant closings and mass layoffs. 29 U.S.C. § 2102(a). Under the Act, an "employer" means "any business enterprise" that employs 100 or more full time equivalent employees. *Id.* at § 2101(a)(1). The WARN Act is intended to provide workers, their families and communities with some warning about the sudden loss of employment. *See* 20 C.F.R. § 639.1 (Department of Labor regulations defining the purpose of the WARN Act). An employer who violates the WARN Act is liable for back pay, lost benefits, civil penalties and attorney's fees. 29 U.S.C. § 2104(a)(1).

The Act is only triggered, however, if an employer conducts a plant closing or mass layoff. The WARN Act defines a plant closing as "the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment

3

during any 30-day period for 50 or more employees excluding any part-time employees." *Id.* at § 2101(a)(2). Furthermore, mass layoff under the Act is defined as a loss of employment for "at least 33 percent of the employees" and "at least 50 employees" at a "single site of employment." *Id.* at § 2101(a)(3).

## ANALYSIS

In its motion for summary judgment, Defendant CHA argues that it is not an "employer" within the meaning of the WARN Act and that it has not committed a reduction in force sufficient to trigger the Act. Because we agree with Defendant that its reduction in force does not meet the Act's requirements of a "mass layoff" or "plant closing," the Act is not triggered, and we need not address at this time whether the CHA is an employer subject to the notice requirements of the WARN Act.

Plaintiffs in this case do not present a triable legal issue under the WARN Act. As a threshold matter, in order for Plaintiffs to sustain a claim for damages under the Act, they must demonstrate that Defendant conducted a "mass layoff" or "plant closing." *Id.* at § 2102. Thus, Plaintiffs must produce specific facts showing that Defendant's reduction in force affected at least 33 percent and at least 50 of its employees at a single site of employment, *see id.* at § 2101(a)(3); 20 C.F.R. § 639.3(c), or showing that Defendant shut down a single site of employment or one or more facilities or operating units within a single site of employment. *See* 29 U.S.C. § 2101(a)(2); 20 C.F.R. § 639.3(b). Because Plaintiffs have not carried their evidentiary burden on either point, they cannot defeat Defendant's summary judgment motion.

First, Plaintiffs fail to show that Defendant conducted a mass layoff. Plaintiffs admit that the CHA laid off only 69 of its 394 police officers from five different sites on September 11,

4

1998.[1] (R. 30, Pls.' Resp. to Def.'s Statement of Facts ¶¶ 44-45.) Plaintiffs assert that the five different CHA police stations comprise a single site for the purpose of applying the WARN Act. (R. 29, Pls.' Resp. to Def.'s Mot. for Summ. J. at 13). Even when viewing the evidence in a light most favorable to Plaintiffs, Defendant's reduction in force of 69 of its 394 officers represents only 17.5 percent of the CHA's employees at a single site. While the CHA's reduction in force affected over 50 employees, it failed to affect at least 33 percent of employees at a single site and thus does not constitute an actionable mass layoff under the WARN Act.

Second, Plaintiffs fail to show that the CHA conducted a plant closing. Plaintiffs admit that the CHA did not shut down any of its five sites in connection with the September 1998 reduction in force. (R. 30, Pls.' Resp. to Def.'s Statement of Facts ¶ 46.) Based on this fact alone, the requirement of a "permanent or temporary shutdown" of a single site or of one or more facilities within a single site is not met. Moreover, Plaintiffs' argument that Defendant's reduction in force constitutes a plant closing because it affected more than 50 employees misconstrues the WARN Act. (R. 29, Pls.' Resp. to Def.'s Mot. for Summ. J. at 13.) The Act *first* defines a plant closing as a temporary or permanent shutdown of a single site or operating unit within a single site of employment, and *second* imposes a requirement that the shutdown affect at least 50 or more full time equivalent employees. *See* 20 U.S.C. § 2101(a)(2). Contrary to Plaintiffs' assertion, the Act does not state that a layoff of 50 or more employees from a single

---

[1] Plaintiffs argue that further discovery and class certification is required to determine the exact number of officers laid off by the CHA during this reduction in force. However, not only do Plaintiffs admit that the CHA laid off only 69 of 394 total officers, Plaintiffs do not present this court with any specific affirmative evidence indicating why this fact should be disputed. Therefore, we conclude that there is no need for further discovery and class certification on this issue.

site, alone, qualifies as a plant closing.[2] Hence, based on the undisputed fact that the CHA did not shut down any of its five sites as a result of its September 1998 reduction in force, Defendant did not conduct a plant closing in violation of the WARN Act.

## CONCLUSION

For the foregoing reasons, we grant Defendant's motion for summary judgment. (R. 21-1.) The Clerk of the Court is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Defendant and against Plaintiffs.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: May 15, 2001

---

[2] Interestingly, the parties have failed to cite any caselaw, and the Court's independent research reveals no relevant caselaw except *Pavao v. Brown & Sharpe Mfg. Co.*, 844 F. Supp. 890, 897-98 (D.R.I. 1994) (finding that 56 employees lost their jobs as a result of the "shutdown" of a department). In the absence of any dispositive caselaw, we must rely on the express language of the WARN Act and the Department of Labor regulations defining the purpose of the WARN Act.

6